**NOT FOR PUBLICATION**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Nadunt Chibeast, | No. CV-19-05079-PHX-SRB |
|       Movant, | CR-11-01243(6)-PHX-SRB |
| | **ORDER** |
| v. | |
| United States of America, | |
|       Respondent. | |

Movant, Nadunt Chibeast filed a Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody on August 30, 2019 to which the Government responded in opposition on March 2, 2020. Movant filed his Memorandum in reply on July 27, 2020. Movant raised four claims. His first claim was for an alleged denial of due process and includes claims about the timing of disclosure of evidence pre-trial, alleged fraud and perjury by one of his witnesses, the lack of response to a request for a "Delegation of Authority Order," and complaints about his lawyers. Movant's second claim also related to the timing of disclosure of evidence to him. His third claim is for ineffective assistance of his lawyers. The fourth claim alleges vindictive prosecution and repeats his claims about his witness committing perjury and his two lawyers' failure to argue certain evidence.

The Magistrate Judge filed her Report and Recommendation on December 9, 2020 concluding that the issues raised in his first claim were ones that either were or should have been raised on appeal and were either procedurally defaulted or waived because not raised

on appeal.  As to his claims for ineffective assistance of counsel, the Magistrate Judge concluded that he made no showing of any prejudice for the failure to raise issues on appeal.  With respect to alleged vindictive prosecution, the Magistrate Judge found the claim precluded because it was not raised on appeal and also because Movant failed to establish any prejudice based on counsel's failure to raise vindictive prosecution on appeal finding the claim frivolous.

Other than the ineffective assistance of counsel claims, the Magistrate Judge concluded they were procedurally defaulted because they were not raised on appeal and Movant showed neither cause for, nor prejudice from, his procedural default. The Magistrate Judge also found Movant failed to establish ineffective assistance of appellate counsel.  She recommended that the Motion be denied.

After receiving an extension of time due to delays in his prison mail, Movant filed a document entitled "Notice and Rebuttal to the Report and Recommendation" on February 16, 2021.  His objection is limited to the issue related to three of nine boxes of discovery that he was unable to review before trial, his claim that he couldn't defend himself because of the schedule the detention center kept during his trial, and a claim that several checks introduced at trial were  in the three boxes he could  not review before trial and were forged with his signature.  The Government filed a Response to Defendant's Objections to Report and Recommendation on February 26, 2021 urging that the objections be overruled, the Report and Recommendation be accepted and the Motion be denied and dismissed with prejudice because the issues raised in the objections were already considered and decided by the Court of Appeals and are, therefore, not subject to collateral attack in a § 2255 Motion.

After a remand from the Court of Appeals for consideration of the issues surrounding the three boxes of documents, the Court of Appeals upheld the denial of a new trial based on the three boxes of documents Movant was unable to review before trial finding that the evidence Movant claimed was potentially exculpatory was not newly discovered in the three boxes because it was included in the six boxes he did have before

trial. His claim about fraudulent checks also relates to the three boxes because his motion says they were checks in the boxes given to him after trial. Concerning the schedule he was required to keep during trial, the Court of Appeals ruled that this due process claim was without merit.

To the extent Movant is raising the issue of his inability to review the three boxes of documents before trial this issue generally was not raised in his Motion and, in any event, could not have been raised because it is precluded having previously been raised and rejected on direct appeal. If the objection concerns only the alleged forged checks contained in the three boxes, the Magistrate Judge correctly found this claim not reviewable because his claim that there was previously undisclosed exculpatory evidence in the three boxes has already been rejected on direct appeal and is not reviewable here. Movant's claim that the schedule during trial deprived him of his right to present a defense was also rejected on direct appeal and is unreviewable on this Motion.

IT IS ORDERED overruling Movant's Objections to the Report and Recommendation of the Magistrate Judge.

IT IS FURTHER ORDERED adopting the Report and Recommendation of the Magistrate Judge as the Order of this Court. (Doc. 15)

IT IS FURTHER ORDERED denying Movant's Motion to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255. (Doc. 1)

IT IS FURTHER ORDERED denying a Certificate of Appealability and leave to proceed in *forma pauperis* on appeal. The dismissal of the Motion is justified by a plain procedural bar and jurists of reason would not find the procedural ruling debatable and because Movant has not made a substantial showing of the denial of constitutions right.

Dated this 10th day of March, 2021.

Susan R. Bolton
United States District Judge